IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| FLORA MITCHELL, | : | |
| Plaintiff, | : | |
| v. | : | CASE NO.: 1:13-cv-192 (WLS) |
| TATRINA MORMAN and ACCEPTANCE INSURANCE COMPANY, | : | |
| Defendants. | : | |

**ORDER**

Plaintiff Flora Mitchell, proceeding pro se, brought suit against Defendants Patrina Morman and Acceptance Insurance Company for claims arising out of a car accident in Albany, Georgia. (Docs. 1, 5.) On December 13, 2013, the Court granted Mitchell's Motion to Proceed in Forma Pauperis and directed her to file an amended complaint stating the jurisdictional basis for her claim. In her amended complaint, Mitchell again fails to state the jurisdictional basis for her claim, but appears to allege that her suit is premised on diversity jurisdiction. Defendant Acceptance Insurance Company appeared in the case and moves to dismiss for lack of personal and subject matter jurisdiction. (Doc. 6.) The Court grants the motion.

Federal courts are courts of limited subject matter jurisdiction. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260–61 (11th Cir. 2000). A federal district court may hear cases only for which there has been a constitutional and a congressional grant of jurisdiction. *Id.* at 1261. Congress has granted federal district courts jurisdiction to hear cases involving a federal question and cases involving "citizens of different States." 28

1

U.S.C. §§ 1331, 1332. A court may exercise diversity jurisdiction when (a) all of the plaintiffs are citizens of states different from the states where the defendants are citizens and (b) the amount in controversy exceeds $75,000.  § 1332. Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to plead "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1).

Mitchell's complaint fails to adequately allege a jurisdictional basis. She states the Court has subject matter jurisdiction apparently because Acceptance Insurance Company is domiciled in Tennessee. But the Complaint also alleges that Mitchell and Defendant Morman are domiciled in Georgia. To establish diversity jurisdiction, the Parties must be completely diverse—meaning every plaintiff must be diverse from every defendant. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Mitchell also did not allege a federal question.

For those reasons, Acceptance Insurance Company's motion to dismiss (Doc. 6) is **GRANTED**, and Mitchell complaint is **DISMISSED** without prejudice.

**SO ORDERED**, this      29th     day of April, 2014.

                                              /s/ W. Louis Sands
                                             **W. LOUIS SANDS, JUDGE**
                                             **UNITED STATES DISTRICT COURT**